**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MICHAEL JAMES LUTHER      \*
                          \*
     Plaintiff               \*
                          \*
      v.                  \*        Civil Action No. CCB-07-1500
                          \*
JOSEPH H. SAUBLE            \*
                          \*
     Defendant           \*
                          oOo

**MEMORANDUM**

Before the court is a  pro se civil rights complaint filed by Michael James Luther against Sergeant Joseph H. Sauble, a corrections officer for the Carroll County Sheriff's Office. Luther presents causes of action against defendant for negligence, slander, false arrest, and malicious prosecution arising from his detention at the Carroll County Detention Center.  He also accuses defendant of denying him access to an attorney during detention and entering incorrect identification information in the prison record system.  As relief, he asks the court to order state officials to remove incorrect identification information and award him $750,000.

Counsel for defendant has filed a motion to dismiss or, in the alternative, for summary judgment, supported by verified exhibits,[1] and has also filed a motion to dismiss the complaint as amended. Plaintiff has filed a motion for summary judgment and two pleadings in opposition to defendant's dispositive motion.  Inasmuch as defendant relies on materials beyond the scope of the complaint, the motion shall be construed as one for summary judgment pursuant to Fed. R. Civ. P. 56. No hearing is necessary.  *See* Local Rule 105.6 (D. Md.).  Luther has filed a reply in opposition and an affidavit.

**Factual Background**

Plaintiff was committed to the Carroll County Detention Center on  June 24, 2004, for theft

---

[1]Unless noted otherwise, defendant's exhibits are those filed with the first motion for summary judgment (Paper No. 7).

and malicious destruction of property.  At plaintiff's appearance before a commissioner, he was identified as "David Christopher Luther" based on identification documents including a birth certificate, Maryland driver's license, Social Security card and a CIGNA health insurance card found on his person, all bearing the name "David Christopher Luther."[2] The presiding commissioner noted that Luther presented as "Deaf, can not sign, can not communicate by writing."[3]  Plaintiff was held on "temporary commitment resulting from an inability to complete the initial appearance." [4]  Plaintiff disputes these assertions, stating that he had in fact " presented a Maryland state photo ID indicating the name Michael James Luther, DOB 05/28/1976" on June 24, 2004.[5]  Plaintiff denies ever carrying or presenting identification with the name David Luther, and alleges that the documents bearing the name David Luther were fabricated by defendant.[6]

On June 24, 2004, Plaintiff appeared for bail review before the Honorable Judge Marc G. Rasinsky,  and  was released on his own recognizance with the condition that: "Def is to be released only after being fingerprinted."[7]  Plaintiff, however, refused fingerprinting. According to plaintiff he "refused to be fingerprinted under the wrong identity and respectfully requested the assistance of counsel to correct Respondent's negligence."[8]

On June 25, 2004, six officers attempted to fingerprint plaintiff.  The officers were unable

---

[2]Def.  Ex. B-2 & B-3.  David Christopher Luther is plaintiff's brother. Def. Ex. B-9.

[3]Def. Ex. B-1.

[4]*See id.*

[5]Reply, ¶ 9.  Plaintiff was carrying a blank check from the NASA Federal Credit Union with the name Michael Luther and a pre-printed address. Def. Ex. B-2.

[6]Reply, ¶¶ 13 & 14. Plaintiff proffers no reason why defendant had any motive to fabricate false documents.

[7]Def. Ex. B-4.

[8]Reply, ¶ 11.

to obtain a clear set of fingerprints due to plaintiff's resistance.[9]  Defendant avers that when the officers were lifting plaintiff off the floor to place him back in a restraint chair, plaintiff dug his fingernails across Officer Wayne Strohm's wrist and hand, causing abrasions that required medical treatment.[10]  Plaintiff disputes this assertion as false.[11]

On  June 29, 2004, defendant Sauble and other officers attempted to shower plaintiff. According to defendant,  plaintiff had refused to shower the previous five days.  During the shower, plaintiff  spat twice at defendant's arm.  Plaintiff was charged with assault in the second degree as a result of the spitting incident.[12]  On the same day,  the Honorable Judge Alice P. Clark committed plaintiff pending hearing on a charge of assault in the second degree on a DOC employee.[13] Plaintiff, however, disputes that he had refused to shower for five days, stating that he showered daily with other detainees.[14]   Plaintiff contends defendant's statements and the charges lodged against him in connection with the June 29, 2004, shower are slander.[15]

On July 2, 2004, Judge Rasinsky found that plaintiff "appears to have become totally paranoid and delusional. He acts like he cannot hear and like he cannot speak. He is using his brother's name."[16]  Judge Rasinsky ordered plaintiff involuntarily committed to Carroll Hospital

---

[9]Def. Ex. B-5.

[10]*See id.*

[11]Reply, ¶ 12.

[12]Def. Ex. B-7.

[13]Def. Ex. B-6.

[14]Reply, ¶ 15.

[15]Complaint, Count II.

[16]Def. Ex. B-9.

Center under his correct name, Michael James Luther, for emergency evaluation.[17]  On August 5, 2004, plaintiff appeared for bail review and was released on his own recognizance.[18]

On November 15, 2004, plaintiff, through his counsel, pleaded not criminally responsible by reason of insanity for assault on defendant, and was committed to the Department of Health and Mental Hygiene for examination for criminal responsibility on his pending criminal cases.[19]  At the time,  plaintiff was in the Clifton T. Perkins Hospital Center.

Plaintiff currently denies ever pleading guilty by reason of insanity, instead faulting his counsel with filing a false pleading.[20]  Plaintiff also states that he has been "evaluated and cleared of any mental disorder by an independent forensic psychiatrist."[21]  On or about March 17, 2005, a nolle posequi was entered as to the second degree assault charge for the spitting incident.[22]  Plaintiff filed the instant complaint on June 6, 2007.

## Standard of Review

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[17] Def. Ex. B-10 & B-12. The commitment was in relation to an incident whereby plaintiff was charged with assault in the first degree and related charges for firing a handgun in the direction of his father and a former fiance on July 10, 2004.  Plaintiff was certified from Carroll County Hospital to Clifton T. Perkins Hospital Center. Def. Ex. B-12. He was diagnosed with a psychotic disorder. *See id.*

[18] Def. Ex. B-8.

[19] Def. Ex. B-14. On November 24, 2004, plaintiff was released on the first degree assault charge from the July 10, 2004 gun incident, and placed under pre-trial services supervision.  Def. Ex. B-13.

[20] Reply, ¶ 16.

[21] Reply, ¶ 18. As earlier noted, plaintiff's referral from from Clifton T. Perkins Hospital reflects a diagnosis of psychotic disorder. Def. Ex. B-12.

[22] The same day, plaintiff was convicted on a plea of not guilty with an agreed statement of facts of two counts of assault in the second degree concerning the firing of shots at his father and former fiance. *See supra*, n. 19.

4

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  This does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

The  gravamen of plaintiff's complaint is that defendant was negligent for incorrectly recording his name as David Luther and slandered him by accusing him of second degree assault for the spitting incident.   In order for a federal district court to exercise jurisdiction, plaintiff must allege that the conduct about which he complains arises under "the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Neither claim as presented here alleges a violation of the Constitution or federal law.  Instead, the claims are based on state tort or negligence law. [23]  These

---

[23] As such, plaintiff was required to notify Carroll County within 180 days of the alleged injury under the Local Government Tort Claims Act. *See* Md. Code Cts and Jud. Pro. §5-304.

claims are not federally cognizable causes of action, and will be dismissed without prejudice.

Plaintiff's claims for violations of due process for false arrest and malicious prosecution are factually unsupported and presented tangentially in the context of the slander and negligence claims. Plaintiff alleges no specific facts to support why he believes that he was denied due process.[24] Notably, plaintiff does not dispute that he was provided opportunities to appear and speak before the judge and a commissioner. To the extent plaintiff intends to present a pre-trial detention conditions of confinement of claim, he must show either that defendant had an expressed intent to punish or defendant's actions lacked a reasonable relationship to a legitimate, non-punitive penological objective and are not excessive in relation to that purpose. *See Bell v. Wolfish,* 441 U.S. 520, 535-538, *Riley v. Dorton,* 115 F. 3d 1159, 1166-67 (4th Cir. 1997); *Hill v. Nicodemus*, 979 F. 2d 987, 991 (4th Cir. 1992). There are no facts to suggest that defendant acted with requisite culpable intent.

Plaintiff also claims defendant denied him access to an attorney, the right to make a telephone call, and the right to receive visitors. Plaintiff's involuntary commitment and "paranoid and delusional" behavior discredit these allegations. The record demonstrates that plaintiff presented himself as mute and deaf. Further, is undisputed that plaintiff appeared before the court

---

Defendant has filed the affidavit of Kimberly A. Millender, County Attorney for Carroll County, in which she attests that after searching county records she was unable to find any notice of a claim from plaintiff evidencing of a potential claim under the Maryland Local Government Tort Claims Act. Def. Ex. A. Plaintiff has filed an affidavit attesting that on November 30, 2004, he delivered a letter that "substantially complied" with the Act by delivering notice of his claims to the County Commissioner's Office. The court need not resolve the conflict presented by the affidavits. Plaintiff does not claim nor does the record suggest any basis for federal jurisdiction based on diversity of the parties. *See* 28 U.S.C. §1332. As the only federal claims are without merit, the court will not exercise any supplemental jurisdiction it may have over the state law claims. *See* 28 U.S.C. § 1367. Accordingly, the state law claims will be dismissed without prejudice.

[24] Complaint, ¶ 8.

three times while at the Detention Center.[25]  On June 24, 2004, plaintiff was notified of his right to counsel and referred to the Public Defender.[26]  Plaintiff refused to speak  the next time he appeared before Judge Rasinsky, foregoing an opportunity to complain about any alleged deprivation of his right to  counsel.[27]   Plaintiff's demonstrated refusal to communicate coupled with behaviors that prompted his involuntary commitment fully discredit these claims.[28]

**Conclusion**

For these reasons, the court concludes that  there is no genuine issue as to any material fact and that defendant is entitled to summary judgment as a matter of law.  Judgment will be entered in favor of defendant. A separate order consistent with this memorandum follows.


October 24, 2007                                     ___/s/_____
Date                                                          Catherine C. Blake
                                                                   United States District Judge

---

[25] Def. Ex. B-1, B-4, B-6. & B-9.

[26] Def. Amended Mot. for Summary Judgment, Ex. B-4.

[27] Def. Ex. B-9.

[28] Accordingly, the court need not address defendant's qualified immunity defense.

7
